## CATARINO GUZMAN v. THE STATE.

### No. 621. Decided May 18, 1910.

**Local Option—Punishment—Statutes Construed.**

The Act of the Thirty-first Legislature, making the sale of intoxicating liquors a felony, does not apply to counties that had adopted local option previous to the passage of said law.

Appeal from the District Court of Dimmit.    Tried below before the Hon. J. F. Mullally.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was indicted for unlawfully selling intoxicating liquors in the county of Dimmit after the people had adopted local option in said county and prohibited the sale of intoxicating liquors in said county, and his punishment assessed at confinement in the penitentiary for one year. The offense was alleged to have been committed on the 7th day of November, 1909. The proof shows that Dimmit County adopted local option on the 26th day of January, 1906. The record discloses that Dimmit County had adopted local option before the passage of the Act of the Thirty-first Legislature, making it a felony to sell intoxicating liquors in local option territory. In accordance with the decision of this court in the case of Love Lewis v. State, decided at this term of the court, in which it was held that the Act of the Thirty-first Legislature, making the sale of intoxicating liquors a felony, does not apply to counties that had adopted local option previous to the passage of said law, this case is reversed and remanded and the District Court ordered to transfer this case to the County Court of Dimmit County.

*Reversed and remanded.*